# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| NAWAL HASHAM HAMZA ALDULAMI, ) <br> SAFA ABED AFUS AFUS ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) Civil Action No. 1:16-CV-2990 <br> ) <br> KENNETH MADSEN, ) <br>     Director, U.S. Citizen and ) <br>     Immigration Services, ) <br>     Chicago Asylum Office; ) <br> JEH JOHNSON, Secretary, ) <br>     U.S. Department of Homeland ) <br>     Security; ) <br> LEON RODRIGUEZ, ) <br>     Director, U.S. Citizenship and ) <br>     Immigration Services; ) <br> LORETTA E. LYNCH, Attorney General ) <br>     of the United States; ) <br> ) <br>  Defendants. ) | |

## COMPLAINT

COME NOW, Nawal Hasham Hamza Aldulami (A206038149) and Safa Abed Afus Afus (A206038150), Plaintiffs, in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

## I.  INTRODUCTION

1. This is a civil action seeking mandamus, declaratory, and injunctive relief based on the failure of the United States Citizenship and Immigration Services ("USCIS") to adjudicate Plaintiffs' I-589 Application for Asylum (Receipt Numbers ZCH1300025540 and zch1300025560) filed on August 3, 2013 with USCIS.

## II.  JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 (Declaratory Judgment Act); 5 U.S.C. § 555 and § 701 et seq. (Administrative Procedures Act); and 28 U.S.C. § 1361 (mandamus statute).

3. Plaintiffs request relief pursuant to said statutes.

## III.  VENUE

4. Venue is appropriate in the United States District Court for the Northern Dis-

trict of Ohio. See 28 U.S.C. § 1391(e).  Plaintiffs reside at 10301 Lake Avenue Cleveland, OH 44107, which is located in Cuyahoga County, OH and within the Northern District of Ohio.

### IV.  PLAINTIFFS

5.  Plaintiffs are mother and daughter and they are citizens of Iraq.

6.  Plaintiffs applied for asylum by filing a Form I-589 Application for Asylum with USCIS on August 3, 2013.  Plaintiffs' have yet to be given an asylum interview and the case is still pending decision with the Chicago asylum office.

### V.  DEFENDANTS

7.  Defendant Kenneth Madsen is the Director of the USCIS Chicago Asylum Office.

8.  Defendant Leon Rodriguez is the Director of USCIS.

9.  Defendant Jeh Johnson is the Secretary of the Department of Homeland Security. As a result of a massive reorganization, the Immigration and Naturalization Service was dissolved on March 1, 2003 and its functions were taken over by the Department of Homeland Security.  "USCIS" is a branch of the Department of Homeland Security.

10.  Defendant Loretta E. Lynch is the Attorney General of the United States.

11.  All Defendants are being sued in their official capacities.

## VI. FACTUAL BACKGROUND

12. Plaintiffs are mother and daughter and citizens of Iraq.

13. In August of 2013, Plaintiffs Nawal Hasham Hamza Aldulami and Safa Abed Afus Afus filed a Form I-589 Applications for Asylum with USCIS. The Applications were received at USCIS on August 3, 2013 and issued receipt number ZCH 1300025540 and ZCH1300025560[1]. Plaintiffs received fingerprint notifications instructions and their biometrics were taken in August of 2013[2].

14. Plaintiffs have still not received a decision on their application. The application has been pending for over three years and they have yet to be given an interview.

## VII. CAUSE OF ACTION

15. Plaintiffs incorporate by reference paragraphs 1-14 of the Complaint.

16. Plaintiffs are requesting that Defendants immediately take all actions necessary to adjudicate their pending I-589 applications. Plaintiffs' applications have been pending for over three years. It has been over three years since they received their fingerprint notices as well.

17. Pursuant to the applicable regulations, USCIS has a non-discretionary duty to adjudicate an application for asylum that is complete and within its jurisdiction. See 8

C.F.R. § 208.9(a).

18. Plaintiffs filed complete Form I-589 applications for asylum with USCIS in August of 2013. Plaintiffs are still waiting for a decision on their application.

19. Plaintiffs have an indisputable right to have the asylum application adjudicated in a timely manner in accordance with the applicable laws and regulations. The adjudication of applications filed with USCIS is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. Defendants have the discretion to grant or deny the application or petition, but this does not bear on the nondiscretionary duty to make a decision on the application or petition.

20. Defendants have failed to properly carry out their adjudicative functions delegated to them. The Government officials and agencies named in the Complaint violated their statutory and regulatory duties owed to Plaintiffs to timely adjudicate Plaintiffs' asylum application, which has been pending for over three years. See 5 U.S.C. § 555(b) (Agency required to conclude matters presented to it within a reasonable period of time). There has been ample time to adjudicate Plaintiffs' asylum application, and the delay in adjudicating the case is unreasonable. See Galvez v. Howerton, 503 F. Supp. 35, 39 (C.D. Cal. 1980) (holding a six-month delay unreasonable); Paunescu v. INS, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999) (holding a ten-month delay unreasonable); Yu v. Brown, 36 F. Supp. 2d 922, 932 (holding a two-and-a-half year delay unreasonable).

---

[1] Exhibit A- I-589 receipt notice
[2] Exhibit B- Fingerprint notices

21. No other adequate remedy is available to Plaintiffs. The case has been pending for an unreasonable amount of time. Thus, Plaintiffs have no other option but to file the instant Complaint.

22. The delay in adjudicating their asylum application has resulted in significant mental and emotional hardship to Plaintiffs. Their lives have been held in a state of limbo while they await the adjudication of this application for asylum.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

(1) Assume jurisdiction of this cause;

(2) Declare that the delay in adjudicating Plaintiffs' I-589 applications is unreasonable;

(3) Compel the Defendants and those acting under them to perform their duties as required under the applicable statutes and regulations relating to adjudication of I-589 applications;

(4) Compel Defendants to immediately take all actions necessary to adjudicate Plaintiffs' I-589 applications within 30 days of this Court's Order;

(5) Grant reasonable attorney's fees; and

(6) Grant any other relief as this Court deems proper.

Dated: December 9, 2016

Respectfully submitted,

s/Margaret W. Wong

Margaret W. Wong
Margaret W. Wong & Associates LLC
Attorney for Plaintiffs
3150 Chester Ave.
Cleveland, Ohio 44114
(216) 566-9908
(216) 566-1125 (fax)

## CERTIFICATE OF SERVICE

I, Margaret W. Wong, certify that I served the following complaint and attached exhibits to:

- KENNETH MADSEN
  Director
  USCIS—Chicago Asylum Office
  181 W. Madison Street, Suite 3000,
  Chicago, IL 60602

- JEH JOHNSON
  Secretary
  Department of Homeland Security,
  Washington, DC 20528

- LEON RODRIGUEZ
  Director, U.S. Citizenship and Immigration Services;
  20 Massachusetts Avenue NW
  Washington, DC 20529

- LORETTA E. LYNCH,
  U.S. Attorney General
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530-0001

- CAROLE S. RENDON
  U.S. Attorney, Northern District of Ohio
  801 West Superior Avenue; Suite 400
  Cleveland, Ohio 44113-1852

this 9th day of December 2016.

s/Margaret W. Wong

Margaret W. Wong
Margaret Wong & Associates LLC
3150 Chester Ave.
Cleveland, Ohio 44114
(216) 566-9908

## LIST OF ATTACHMENTS

Exhibit A                     I-589 Receipt notices

Exhibit B                     I-589 Fingerprint notices